U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 1 3 2014
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID & DIANE L. CONRAD, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-915-A |
| | § | |
| SIB MORTGAGE CORP., ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

The above-captioned action is before the court by notice of removal filed by defendants Bank of America, N.A., Mortgage Electronic Registration Systems, Inc. ("MERS"),[1] and ReconTrust Company, N.A. ("ReconTrust") (collectively, "Removing Defendants.") Also named as defendants are SIB Mortgage Corp. ("SIB"), "Ginnie Mae,"[2] and William T. Fowler ("Fowler").[3] Pro se plaintiffs, David and Diane L. Conrad, initiated this action by the filing of their initial pleading in the District Court of

---

[1] Defendant Mortgage Electronic Registration Systems, Inc., indicated in the notice of removal that it was improperly named in plaintiffs' state court pleadings as Mortgage Electronic Registration Services, Inc.

[2] "Ginnie Mae" is the colloquial term for the entity known as Government National Mortgage Association.

[3] Plaintiffs' state court pleading also names as defendants "Does 1-X." The court is disregarding the Doe defendants for purposes of this memorandum opinion and order.

Tarrant County, Texas, 352nd Judicial District. Plaintiffs in the state court also sought and obtained a temporary restraining order, enjoining foreclosure proceedings against their property.

I.

Background and Plaintiffs' State Court Pleading

The notice of removal invoked the court's diversity jurisdiction as the basis for removal. While complete diversity is alleged as between plaintiffs and defendants Bank of America, MERS, ReconTrust, SIB, and Ginnie Mae, Fowler is alleged to be a citizen of Texas. Hence, Fowler's presence in this action would ordinarily destroy complete diversity and divest the court of jurisdiction. Removing Defendants maintain, however, that Fowler has been improperly joined, such that his citizenship should be disregarded for purposes of determining the court's diversity jurisdiction.

Plaintiffs appear to have filed this action in response to attempts to initiate foreclosure proceedings on their property in Arlington, Texas. The gist of the pleading appears to be that plaintiffs' promissory note and deed of trust have never been properly assigned, so that none of the defendants has any authority to foreclose on plaintiffs' property. Plaintiffs requested relief in the form of various declarations pertaining to the property, including that they own the subject property.

II.

Improper Joinder

The burden of establishing federal jurisdiction is on the party seeking removal. <u>Gasch v. Hartford Accident & Indem. Co.</u>, 491 F.3d 278, 281 (5th Cir. 2007). "The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." <u>Id.</u> at 281-82. When, as here, federal jurisdiction is based on diversity, an action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). When removal is premised on the alleged improper joinder of an in-state defendant, the removing party must show that joinder of the in-state party was improper. <u>Smallwood v. Ill. Cent. R.R. Co.</u>, 385 F.3d 568, 574 (5th Cir. 2004).

The Fifth Circuit recognizes two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." <u>Id.</u> at 573 (internal citation omitted). Because Removing Defendants have not alleged actual fraud in the pleadings, the test for improper

3

joinder is:

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

Id. To answer this question, the court may either: (1) conduct a Rule 12(b)(6)-type analysis or (2) in rare cases, make a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Id. at 573-74. As Removing Defendants have not alleged fraud in the pleading of jurisdictional facts, the court must consider whether there exists a reasonable basis that plaintiffs might be able to recover against Fowler.

In conducting a Rule 12(b)(6)-type analysis of plaintiffs' claims, the court "look[s] initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Smallwood, 385 F.3d at 573. Taking into account that Texas follows a "fair notice" standard for pleading and that "[p]leadings are to be construed liberally in favor of the pleader," Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 896 (Tex. 2000), the court has concluded that there is no reasonable basis to predict that plaintiffs might be able to recover against Fowler.

4

Even the most generous reading of the state court pleading shows an absence of any facts alleging that Fowler engaged in any unlawful conduct, or conduct of any kind, against plaintiffs. The state court pleading fails to describe with particularity anything that Fowler has done with regard to plaintiffs. Indeed, the court found no mention of Fowler in the state court pleading, aside from his identification as a defendant. The allegations in the pleading also fail to distinguish one defendant from another.

Although a complaint need not contain detailed factual allegations, plaintiffs must provide a defendant fair notice of their claims and the grounds on which they rest. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiffs have failed to do so with regard to Fowler. No facts are alleged in the state court pleading that would alert Fowler as to the nature or basis of plaintiffs' claims against him. The state court pleading provides no reasonable basis for predicting that plaintiffs would be able to recover against Fowler. Accordingly, the court concludes that all claims against Fowler should be dismissed.

III.

Filing an Amended Complaint

Following the court's determination that Fowler should be dismissed as a defendant, this action is now properly before the court on the basis of the court's diversity jurisdiction.

Accordingly, the court now concludes that plaintiffs should file an amended complaint consistent with the Federal Rules of Civil Procedure.

The filing of an amended complaint is not a trivial matter. Rule 81(c) of the Federal Rules of Civil Procedure provides that following removal, "repleading is unnecessary unless the court orders it." However, the rules of pleading differ from Texas state court to federal court. While Texas "follows a 'fair notice' standard for pleading," Auld, 34 S.W.3d at 896,[4] a complaint in federal court must plead facts that show the plaintiff's right to relief is plausible. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Further, the court does not accept conclusory allegations or unwarranted deductions of fact in a federal court complaint as true. Twombly, 550 U.S. at 555. Rule 9 of the Federal Rules of Civil Procedure also imposes additional pleading requirements on a party alleging fraud or mistake. Thus, the court finds it beneficial to its adjudication of the case to have a plaintiff in a removed action replead consistent with the Federal Rules of Civil Procedure.

Bearing in mind the aforementioned principles, the court now concludes that plaintiffs should file an amended complaint that

---

[4] The court recognizes that the Texas "fair notice" standard must be considered in context with Rule 91a of the Texas Rules of Civil Procedure.

complies with the requirements of Rule 8(a), Rule 10, and, if applicable, Rule 9, of the Federal Rules of Civil Procedure, and with the Local Civil Rules of this court. Upon receipt of the amended complaint, each defendant that has appeared in this action must file an answer or other response thereto.

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiffs, David and Diane L. Conrad, against Fowler be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal.

The court further ORDERS that the caption of this action be modified by the removal of "William T. Fowler" from the title, so that from this point forward the title shall read "David and Diane L. Conrad, Plaintiffs, v. SIB Mortgage Corp., Mortgage Electronic Registration Systems, Inc., Bank of America, N.A., Ginnie Mae, and ReconTrust Company, N.A., Defendants."[5]

The court further ORDERS that: (1) plaintiffs by December 1, 2014, file an amended complaint that complies with the Federal

---

[5] The court is not including "Does 1-X" as defendants in the title of the amended complaint. If during discovery plaintiffs identify additional parties that should be included as defendants, plaintiffs may file an appropriate motion to add such parties at that time.

Rules of Civil Procedure and the Local Civil Rules of this court; and, (2) each defendant that has appeared in this action file by December 15, 2014, an answer or other response to the amended complaint.

The court further ORDERS that failure of any party to comply with this order may result in the imposition of sanctions, up to and including dismissal of plaintiffs' claims or granting of a default judgment, as appropriate.

SIGNED November 13, 2014.

_____
JOHN McBRYDE
United States District Judge