Case 4:14-cv-00915-A Document 15 Filed 03/06/15 Page 1 of 19 PageID 319

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR - 6 2015
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID & DIANE L. CONRAD, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-915-A |
| | § | |
| SIB MORTGAGE CORP., ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION
and
## ORDER

Came on for consideration the motion to dismiss plaintiffs' amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed in the above action by defendants Bank of America, N.A. ("BOA"), Mortgage Electronic Registration Systems, Inc., ("MERS"), and Recontrust Company, N.A. ("Recontrust") (collectively, "Moving Defendants"). Plaintiffs, David and Diane L. Conrad, appearing <u>pro se</u>, failed to respond to the motion.[1] Having considered the motion, the amended complaint, and the applicable legal authorities, the court concludes that the motion should be granted.

---

[1] More than two weeks after their response to the motion to dismiss was due, plaintiffs attempted to file an amended complaint. The document was unfiled for plaintiffs' failure to comply with the local rules of this court. Plaintiffs then re-filed the motion for leave to file amended complaint on January 29, 2015. The court will address the motion for leave later in this memorandum opinion and order.

I.

Procedural Background and Allegations in the Amended Complaint

Plaintiffs initiated this action by filing a complaint in the District Court of Tarrant County, Texas, 352nd Judicial District, naming as defendants Moving Defendants, as well as SIB Mortgage Corporation ("SIB"), William T. Fowler ("Fowler"), and Ginnie Mae.[2] Following removal of this action by Moving Defendants on November 11, 2014, the court dismissed Fowler and ordered plaintiffs to file an amended complaint that complied with the applicable Federal Rules of Civil Procedure, as interpreted by the Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), and with the local rules of this court. Plaintiffs filed their amended complaint, and Moving Defendants filed the instant motion to dismiss.

The amended complaint alleged the following:

On or about July 24, 2003, plaintiffs signed a note in the amount of $117,203.00, for the purchase of their property at 1402 Eveningcrest Court in Arlington, Texas. The note was secured by a deed of trust in favor of SIB. The note contained three endorsements: one stating "Pay to the Order of Countrywide Home

---

[2]"Ginnie Mae" is the colloquial term often used to refer to the Government National Mortgage Association.

Loans Servicing LP," one stating "Pay to the Order of Bank of America, N.A.," and a third stating "Pay to the Order of," with nothing in the applicable blank, followed by "Without Recourse Bank of America, N.A." App. in Supp. of Mot. to Dismiss ("Defs.' App.") at 4. The deed of trust was filed with the Tarrant County Clerk on or about August 7, 2003.

After plaintiffs closed on their loan in July 2003, SIB sold the loan "to multiple classes" of the "Ginnie Mae REMIC Trust 2003-074 (Series GNMA REMIC Series 2003-074)" (the "REMIC Trust"). Am. Compl. at 3. The REMIC Trust is governed by the "Document Custodian Manual" dated June 1, 2005. Id. However, there is no evidence that the rights to the note were properly negotiated or transferred into the REMIC Trust "contemporaneously with the transfer of the Conrad Intangible Payment Obligation."[3] Id. As a result, the right to payment of the loan was stripped from the note.

On or about December 20, 2012, MERS assigned the deed of trust to BOA. The assignment was filed with the Tarrant County Clerk on or about December 26, 2012.

Plaintiffs asserted a breach of contract claim against SIB, and claims of slander of title, void assignment and assignment of

---

[3] The amended complaint does not define the term "Conrad Intangible Payment Obligation."

deed of trust, and fraud against all defendants. Plaintiffs also sought a number of declarations relative to the assignments of their loan and to ownership of the property, including a declaration that they are the owners of the property.

## II.

### Standards Applicable to the Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

4

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

The court generally is not to look beyond the pleadings in deciding a motion to dismiss. Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999). "Pleadings" for purposes of a Rule 12(b)(6) motion include the complaint, its attachments, and documents that are referred to in the complaint and central to the plaintiff's claims. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000). Additionally, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007). Because the documents attached to Moving Defendants' motion to dismiss are considered part of the

pleadings or are matters of public record,[4] the court may consider them in its resolution of the motion to dismiss. Id.

## III.

### Application of Law to Facts

A. <u>Breach of Contract Claim</u>

The breach of contract claim appears directed only to SIB. Nonetheless, Moving Defendants contend that to the extent plaintiffs may be attempting to assert such a claim against them, plaintiffs have failed to allege any facts as would state such a claim. The court agrees. If plaintiffs intended to assert a claim against Moving Defendants for breach of contract, no facts are alleged in the amended complaint to support such a claim.

B. <u>Slander of Title</u>

Under Texas law, slander of title is "a false and malicious statement made in disparagement of a person's title to property which causes special damages." <u>Elijah Ragira/VIP Lodging Grp., Inc. v. VIP Lodging Grp., Inc.</u>, 301 S.W.3d 747, 758 (Tex. App.--El Paso 2009, no pet.). To state a claim for slander of title requires plaintiffs to show "the uttering and publishing of disparaging words that were false and malicious, that special

---

[4] The documents included in the appendix in support of the motion to dismiss are copies of the note and deed of trust signed by plaintiffs, and a copy of the assignment of plaintiffs' loan from MERS, as nominee for SIB, to BOA.

6

damages were sustained, and that the injured party possessed an interest in the property disparaged." Id. at 759 (citations omitted). The plaintiff must additionally demonstrate the loss of a specific sale. Id. Moving Defendants argue that this claim should be dismissed because plaintiffs have failed to allege facts to establish any of the required elements, especially the loss of a specific sale.

Plaintiffs alleged, in conclusory fashion, that: "[t]he filing of the December 20, 2012 Assignment of Deed of Trust satisfies the elements of Slander of Title," Am. Compl. at 6, because: the assignment of the deed of trust was published when it was filed with the Tarrant County Recorder; the statement that the deed of trust was assigned to BOA was false; the filing was derogatory to plaintiffs' title; the filing was done with malice; and, the filing caused plaintiffs "financial, emotional and special damages." Id. As a consequence of defendants' actions, plaintiffs alleged they are in jeopardy of "paying an obligation many times over," and they "cannot in good faith transfer equitable, legal or marketable title to the Property." Id.

The problem with these allegations is that they are all conclusory. No facts are alleged in the amended complaint that support any of the statements. Nor have plaintiffs alleged the loss of a specific, pending sale as required to state a

cognizable claim. Having failed to allege facts to support their claim for slander of title, that claim is dismissed.

C. <u>Void Assignment of Interest and Assignment of Deed of Trust</u>

The amended complaint alleged that the transfer of the note and deed of trust from SIB to the REMIC Trust is void because the transfer did not occur until after the REMIC Trust's August 29, 2003 closing date. The transfer therefore violated the "Trust's Custodian Manual" and renders the assignment or transfer void. Am. Compl. at 7. Plaintiffs further contended that the failure to timely transfer the loan is a violation of New York Trust Law, Chapter 17-B, § 7-2.4. Because any transfer into the REMIC Trust was void, MERS had no valid interest in the plaintiffs' loan, and thus had nothing to transfer to BOA at the time of the December 20, 2012 assignment.

Moving Defendants construe this somewhat confusing claim as plaintiffs asking for a declaration that the assignment of their note and deed of trust is void because MERS lacked authority to effect such a transfer. Moving Defendants contend that this claim should be dismissed because plaintiffs were not parties to the assignment, and so lack standing to challenge its validity.[5]

---

[5]Plaintiffs may be attempting to assert the "split-the-note" theory, whereby a party attempting to prevent the foreclosure of their property contends that assignments of the loan are void because the note was separated from the deed of trust. To the extent this is the claim plaintiffs are attempting to make, it
(continued...)

8

The Fifth Circuit has addressed claims very similar to the one asserted by plaintiffs in <u>Reinagel v. Deutsch Bank Nat'l Trust Co.</u>, 735 F.3d 220 (5th Cir. 2013). There, the plaintiffs argued that the pooling and servicing agreement ("PSA") governing the trust holding their mortgage loan established a cut-off date of October 1, 2006, for transfers of loans into the trust. <u>Id.</u> at 222. The plaintiffs' loan was not transferred until January 23, 2008, and they maintained that the assignment was void because the untimely transfer violated the PSA. <u>Id.</u> at 224. The Fifth Circuit held that the plaintiffs could not enforce the PSA's terms because they were neither parties to, nor third-party beneficiaries of, the PSA. <u>Id.</u> at 228. The court concluded that even if plaintiffs were third-party beneficiaries, at most that rendered the assignment voidable, rather than void. <u>Id.</u>

Plaintiffs here have alleged a similar factual scenario, and <u>Reinagel</u> requires the same result. Although plaintiffs refer to a "Document Custodian Manual," rather than a "PSA," the effect is the same: nothing in the amended complaint alleges that plaintiffs are third-party beneficiaries of, or that they have any rights to enforce anything in, the Custodian Manual. Nor are

---

[5](...continued)
fails. The court must assume that when the deed of trust was assigned, the note was also assigned, as the deed of trust would be useless without ownership of the note.

9

facts alleged as would show that a violation of the Custodian Manual renders the assignment of their loan void.

Plaintiffs attempted to avoid the issue by claiming defendants violated certain provisions of New York Law. The Fifth Circuit disposed of a similar argument where the plaintiffs alleged that the untimely assignment violated § 7-2.4 of New York's trust and estate laws--the same New York statute upon which plaintiffs here rely. See Shaver v. Barrett Daffin Frappier Turner & Engel, L.L.P., ___ F. App'x ___, No. 14-20107, 2014 WL 5654315, at *7 (5th Cir. Nov. 5, 2014).[6] The court in Shaver disposed of the plaintiffs' argument:

> First, it is not clear that New York law applies. The Shavers do not explicitly allege that interpretation of the PSA is subject to New York law and the record contains only excerpts from the PSA; the court cannot determine if it is to be construed in accordance with New York law. Second, the Shavers' description of New York trust law as making the assignment void, not voidable, is incomplete. It is true that under New York trust law, "every . . . act of the trustee in contravention of the trust . . . is void." N.Y. Est. Powers & Trusts Law § 7-2.4. Despite this language, "New York courts have treated ultra vires actions by trustees as voidable and therefore susceptible of ratification." Svoboda v. Bank of Am., N.A., 571 F. App'x 270, 273 (5th Cir. 2014) (collecting New York cases). Thus, even under New York law, the alleged violations of the PSA would make the assignment voidable, not void, and the Shavers may not challenge the assignment. See Reinagel, 735 F.3d at 228.

---

[6] Although the opinion in Shaver is not binding precedent, the court finds the analysis and holding instructive in the instant action.

<u>Id.</u> at *5 (footnote omitted). Here, plaintiffs refer to New York law to support this claim, yet there is no indication in the amended complaint that New York law applies to this action. Even if such were the case, however, as discussed in <u>Shaver</u>, the purported violations would only render the assignment voidable, not void. <u>Id.</u> The end result is that plaintiffs have no standing to challenge the transfer of their loan to the REMIC Trust, and nothing about that transfer renders any assignment of their loan void.

D.   <u>Fraud</u>

Moving Defendants argue that plaintiffs' fraud claim should be dismissed because it is barred by the economic loss doctrine, and because plaintiffs have failed to meet the heightened pleading standard applicable to fraud claims under Rule 9 of the Federal Rules of Civil Procedure. Dismissal would be proper under either ground raised. However, because the amended complaint so clearly fails to comply with the heightened pleading requirements applicable to fraud claims, the court is dismissing the claim on that basis.

Rule 9(b) sets forth the heightened pleading standard imposed for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting

11

fraud or mistake." Fed. R. Civ. P. 9(b). The Fifth Circuit requires a plaintiff asserting a fraud claim to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Herrmann Holdings Ltd. v. Lucent Techs. Inc., 302 F.3d 552, 564-65 (5th Cir. 2002) (internal quotations omitted). Succinctly stated, Rule 9(b) requires the plaintiff to identify in the complaint "the who, what, when, where, and how" of the events constituting the purported fraud. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008).

In the order requiring plaintiffs to file their amended complaint, the court specifically alerted plaintiffs that "Rule 9 of the Federal Rules of Civil Procedure also imposes additional pleading requirements on a party alleging fraud or mistake." Nov. 13, 2014 Order at 6. However, the amended complaint provided only the following regarding plaintiffs' fraud claim: defendants "knew or should have known" that the assignment of the note and deed of trust did not comply "with State statutory requirements" and was fraudulent, the assignment of the deed of trust to BOA was "fraudulent," the assignment of the deed of trust was "executed fraudulently," and all of these actions were "against Plaintiffs' interest." Am. Compl. at 7. Nothing in the

amended complaint attempted to identify the "who, what, when, where, and how" of the facts pertaining to the fraud claim. Accordingly, plaintiffs' fraud claim must be dismissed.

E. Quiet Title

In the prayer for relief, plaintiffs ask that the court declare that they "are the owners of the property." Id. at 10. Moving Defendants construe this statement as an attempt to assert a claim to quiet title.

A suit to quiet title is an action in equity. Fricks v. Hancock, 45 S.W.3d 322, 327 (Tex. App.--Corpus Christie 2001, no pet.). "The plaintiff in a suit to quiet title must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see that the plaintiff has a right of ownership warranting judicial interference." Wright v. Matthews, 26 S.W.3d 575, 578 (Tex. App.--Beaumont 2000, pet. denied) (citations omitted). To allege a cognizable claim of quiet title also requires plaintiffs to allege that they have tendered the outstanding amount due under the contract. Id.; Fillion v. David Silvers Co., 709 S.W.2d 240, 246 (Tex. App.--Houston [14th Dist.] 1986, writ refused n.r.e.). Here, plaintiffs have failed to allege that they have tendered the amount due under the note. Nor have they alleged any facts as would show that plaintiffs have superior title over any of the

13

Moving Defendants. To whatever extent plaintiffs attempted to assert a claim to quiet title, such claim fails.

\* \* \* \*

The result of the foregoing discussion is that whatever claims plaintiffs' have attempted to assert against Moving Defendants are dismissed.

F. Claims Against SIB and Ginne Mae

There is no record of service of process on either SIB or Ginne Mae, the only defendants left following the court's granting of Moving Defendants' motion to dismiss. Other than the breach of contract claim, which is alleged against SIB only, the remaining claims and causes of action appear to be alleged against all of the defendants generally.

The court has the inherent authority to sua sponte dismiss a complaint for failure to state a claim, as long as the procedure employed is fair. See Carroll v. Fort James Corp., 470 F.3d 1171, 1176-77 (5th Cir. 2006). Fairness in this context generally involves notice of the court's intention to dismiss and an opportunity to respond. Lozano v. Ocwen Fed. Bank, FSB, 489 F.3d 636, 643 (5th Cir. 2007). However, even if the court fails to provide notice to the plaintiff prior to dismissing the action, the dismissal is appropriate if the plaintiff has alleged his "best case" and dismissal is otherwise proper. Id. "At some

14

point a court must decide that a plaintiff has had a fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." Jacquez v. Procunier, 801 F.2d 789, 792 (5th Cir. 1986).

Here, plaintiffs filed their initial pleadings in state court and were given an opportunity following removal to amend. In the order directing plaintiffs to file an amended complaint, the court reminded them of the requirements of the applicable Federal Rules of Civil Procedure, and also directed plaintiffs to Supreme Court authority discussing pleading requirements necessary to state a claim for relief. Given the lack of factual allegations in the amended complaint to support the asserted causes of action, the court can think of nothing plaintiffs could argue, given the opportunity to respond to the court's intention to sua sponte dismiss, to demonstrate that they have stated a claim for relief against SIB or Ginnie Mae. Thus, for the same reasons discussed above, the court concludes that the claims against SIB and Ginne Mae for slander of title, void assignment of interest and assignment of deed of trust, fraud, and to quiet title, should be dismissed.

As to the breach of contract claim, the amended complaint alleged that SIB "breached its obligation to release the Security

Interest upon payment for the Conrad Note. Failure to comply with paragraph 19 of the Deed of Trust constitutes breach of contract." Am. Compl. at 5 (paragraph number omitted).

No facts are alleged as would suggest that the note plaintiffs signed for the purchase of the property was paid in full. To the extent plaintiffs interpreted the various assignments of the note as constituting full payment as contemplated by paragraph 19 of the deed of trust, they are mistaken. Paragraph 19 of the deed of trust states that "[u]pon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument without charge to Borrower." Defs.' App. at 12. The "payment of all sums" language is clearly intended to refer to the borrower's obligation to pay all outstanding sums due under the terms of the note, an event that plaintiffs do not contend has occurred. The amended complaint thus fails to state a claim for breach of contract against SIB.

G. <u>Request for Declaratory Relief</u>

Plaintiffs also seek a number of declarations as to the various assignments and ownership of the property. A declaratory judgment action requires the parties to litigate some underlying claim or cause of action. The declaratory judgment is not itself a cause of action, only a form of relief the court may grant.

16

See <u>Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)</u>, 915 F.2d 167, 171 (5th Cir. 1990). Here, the court has dismissed all of the underlying claims and causes of action asserted against all defendants, leaving nothing left on which to base the request for declaratory relief.

H.  <u>Motion to File Amended Complaint</u>

As noted <u>supra</u>, plaintiffs filed nothing in response to Moving Defendants' motion to dismiss, but instead, filed a motion for leave to file an amended complaint. The court has considered the proposed amended complaint, as well as Moving Defendants' response, and has concluded that the motion should be denied.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend will be freely granted "when justice so requires." Leave to amend, however, is not automatic. <u>Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n</u>, 751 F.3d 368, 378 (5th Cir. 2014). Rather, the court may consider a number of factors in deciding whether to grant or deny leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., and futility of the amendment." <u>Id.</u> (citation omitted).

First, it is apparent that plaintiffs are attempting to avoid dismissal by ignoring the motion to dismiss and instead attempting to recast their complaint. Although plaintiffs maintain that the amended complaint is merely to correct an error, that statement fails to accurately describe the substantial changes to the proposed amended complaint.

More significantly, however, the court may deny leave to amend if the proposed amended complaint would be futile. A proposed amended complaint is futile if it would not survive a motion to dismiss under Rule 12(b)(6). Id. Under that standard, plaintiffs' proposed amended complaint is futile. The purported factual allegations are almost entirely nonsensical and fail to support whatever claims or causes of action plaintiffs intended to assert against the defendants. Granting the motion to amend would lead only to the filing by Moving Defendants of another motion to dismiss. Additionally, the court has afforded plaintiffs one opportunity to amend their pleadings, and the court assumes plaintiffs have now pleaded their best case. The court can see nothing to be gained by allowing plaintiffs to file the proposed amended complaint.

IV.

<u>Order</u>

Therefore,

The court ORDERS that Moving Defendants' motion to dismiss be, and is hereby, granted, and that plaintiffs' motion for leave to file amended complaint be, and is hereby, denied.

The court further ORDERS that all claims and causes of action asserted by plaintiffs, David and Diane L. Conrad, against defendants, BOA, MERS, Recontrust, SIB, and Ginnie Mae, be, and are hereby, dismissed with prejudice.

SIGNED March 6, 2015.

_____
JOHN McBRYDE
United States District Judge